UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **CREATIVE COMPOUNDS, LLC, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 1:09-CV-00129-SNLJ |
| ) | |
| **ADORNO & YOSS, LLP, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to compel the deposition of Derek Cornelius or, in the alternative, to exclude his expert testimony (#87). Plaintiffs have filed a response in opposition (#92).

**I.     Background**

Plaintiff Creative Compounds, LLC brought this legal malpractice action against defendants. Plaintiff asserts that these patents would have been granted by the United States Patent & Trademark Office but for the alleged mishandling of these patents by plaintiff's patent counsel, defendant Adorno & Yoss, LLP, and specifically the head partner of Adorno & Yoss's intellectual property practice, defendant Thomas L. Peterson. Further, plaintiff maintains that these 11 hypothetical patents, had they been granted, would have generated tens of millions of dollars in licensing revenue from manufacturers of nutritional supplement products. Plaintiff alleges that defendant Peterson billed plaintiff for more than two years for patent work he never performed, and that defendant Peterson fraudulently assured plaintiff that he was working to examine, revise, and file plaintiff's patents. Meanwhile, defendant Peterson insists that plaintiff

had not asked him to review, draft, complete, or file any of plaintiff's patent applications and never assured plaintiff that he nor Adorno & Yoss had assumed responsibility for doing so.

Plaintiff's damages calculations are based largely in part on the work of Derek Cornelius, who was formerly a plaintiff in this action, and who is the alleged inventor of the 11 hypothetical patents and a "consultant" to Creative Compounds. On September 21, 2010, Creative Compounds disclosed Cornelius as a potential witness. Defendants deposed Cornelius on December 20, 2010, at which time Cornelius described the subject matter of his expert testimony as "how the patent applications… pertain to specific products in the industry or how products in the industry pertain to those patents or how they mesh together." Cornelius also indicated that he was "not generally" an expert on patent infringement. However, Cornelius described the process he undertook in selecting the 112 products accused of infringing on the 11 hypothetical patents, and those 112 products were used by plaintiff's expert, John Pilkinson, in calculating plaintiffs' damages.[1]

Then, on March 1, 2011, defendants served plaintiff with an interrogatory, requesting:

> For each person that Creative Compounds intends to call as a non-retained expert witness at trial, please state:
>
> a. the subject matter on which the person is expected to present expert or opinion evidence;
> b. a summary of the facts and opinions to which the person is expected to testify; and
> c. the qualifications that make it appropriate for the person to give the anticipated expert testimony.

Plaintiff responded on May 23, 2011:

---

[1] Defendants have moved to exclude the expert testimony and report of Mr. Pilkinson, but the briefing on that issue has been delayed pending resolution of the instant motion to compel the deposition of Cornelius.

> Creative intends to call Derek Cornelius as a non-retained expert.
> Cornelius will be offering opinion as to (a) the nature of the
> nutraceutical industry in general; (b) the nature of various products
> at issue in the case; (c) whether those products would likely
> directly infringe or contribute to or induce infringement by others
> of hypothetical claims considered by Ken Solomon; (d) the general
> reception in the industry of the various inventions at issue in this
> case; and (e) any other opinion that may [be] appropriate to rebut
> testimony by others. Mr. Cornelius' credentials were discussed
> during his deposition testimony, but they include, among other
> things, the fact that Mr. Cornelius has founded multiple
> nutraceutical and sports nutrition companies in the past and has
> been instrumental in the founding of others, and the fact that he has
> well in excess of a decade of experience almost exclusively in the
> nutraceutical and sports nutrition industries.

Defendants asked plaintiff on June 1 to provide "a summary of the facts and opinions to which [Cornelius] is expected to testify," as requested in the interrogatory and as required by the newly-amended Federal Rule of Civil Procedure 26(a)(2)(C)(ii), to allow defendants to depose Cornelius again, or to withdraw Cornelius as an expert witness. Plaintiff has refused.

### III. Discussion

Defendants seek an order compelling plaintiff to provide a summary of the facts and opinions about which Derek Cornelius will testify as an expert and make Cornelius available for a deposition to be examined on that subject matter, or, alternatively, to exclude his expert testimony altogether.

If Cornelius had been designated as a "retained expert witness," he would have been required to submit an expert report under Federal Rule of Civil Procedure 26(a)(2)(B). As a non-retained, expert, however, the Federal Rules of Civil Procedure required no such report. But on December 1, 2010, an amended version of Rule 26 took effect, and that amended Rule requires

3

parties to provide "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C) (as amended December 1, 2010). That amendment applies to cases pending prior to December 1, 2010 "when just and practicable." Order Amending Federal Rules of Civil Procedure, April 28, 2010. The parties disagree as to whether it is "just and practicable" to apply the amended version of Rule 26 in this pre-December 1, 2010 case so as to require plaintiff to provide a summary of facts and opinions to which Cornelius will testify.

As the defendants point out, plaintiff's position on this matter is inconsistent. Plaintiff asserts in its memorandum that Cornelius will not testify "beyond what was disclosed in Cornelius' deposition [for which he was not identified as an infringement expert] as supplemented by its interrogatory answers [in which he is designated as an infringement expert]." Those interrogatory answers, however, do not contain a "a summary of the facts and opinions to which the witness is expected to testify" as required under Rule 26(a)(2)(C). Plaintiff cannot avoid the effect of Rule 26(a)(2)(C) by hiding behind its initial designation as Cornelius as a non-expert witness for patent infringement where they later designated him as an expert. In addition, the application of the amended version of Rule 26 is "just and practicable" because it directly affects the Court's analysis of the admissibility of Cornelius' expert testimony, and, possibly, the admissibility of the testimony of plaintiffs' damages expert, John Pilkinton.[2]

---

[2]Defendants are waiting to file their reply brief in support of their motion to exclude plaintiffs' damages expert until they have received more information about Cornelius and his involvement in Pilkinson's report. (*See* #94, Motion for Extension of Time to File Reply Brief.)

## V. Conclusion

This Court will grant defendants' motion to compel plaintiff to (1) provide a summary of the facts and opinions about which Cornelius will testify as an expert, and (2) to make Cornelius available for a supplemental deposition.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel plaintiffs to make Derek Cornelius available for a supplemental deposition and to compel plaintiff to provide a summary of the facts and opinions about which Cornelius will testify as an expert (#87) is **GRANTED**.

Dated this 11th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE