UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CREATIVE COMPOUNDS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09CV129 SNLJ |
| | ) | |
| ADORNO & YOSS LLP, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant Lott & Friedland, P.A.'s Motion to Modify or Extend Protective Order (#130). Movant seeks modification or extension of the protective order entered in this case to enable movant to obtain documents covered by the protective order in discovery in litigation between Creative Compounds, LLC and movant in the U.S. District Court, Southern District of Florida. The matter has been fully briefed and is now ripe for disposition.

**I.    Background**

Plaintiff Creative Compounds, LLC brought this legal malpractice action alleging mishandling of a number of patents by defendants Adorno & Yoss, LLP and Thomas L. Peterson (Adorno Litigation). During the pendency of the Adorno Litigation, this Court entered a Stipulated Protective Order Governing Confidential Information that governed documents and information designated as confidential by the parties. Attorneys at Hinshaw & Culbertson, LLP represented the defendants in the Adorno Litigation. The case was ultimately dismissed with prejudice following a settlement.

While the Adorno Litigation was pending, Creative Compounds filed a legal malpractice action alleging mishandling of a patent for a "shaker cup" against Lott & Friedland, P.A.

("L&F"). That case was originally filed in the Circuit Court of Scott County, removed to this Court, and then transferred to the U.S. District Court, Southern District of Florida where it is currently pending (L&F Litigation). As the L&F Litigation has proceeded, L&F has undertaken discovery as to the issue of the date of the first sale of the shaker cup, which L&F believes may be dispositive in that case. According to L&F, discovery has revealed that there were discussions regarding the shaker cup, including an offer to sell and a sale, during the time Adorno & Yoss represented Creative Compounds. As a result, L&F believes that there may be testimony and discovery in the Adorno Litigation relative to the shaker cup and, as such, the information would be relevant to the L&F Litigation, or, would lead to the discovery of relevant and admissible information.

L&F served a subpoena *duces tecum* and deposition notice on the records custodian of Hinshaw & Culbertson seeking discovery materials and deposition testimony obtained in the Adorno Litigation for use in the L&F Litigation. L&F has not been able to obtain the discovery because the documents sought in the subpoena *duces tecum* were designated as confidential subject to the Adorno Litigation protective order. According to L&F, Hinshaw and Culbertson and George Yoss, former managing partner at Adorno & Yoss, have no objection to production of the requested documents but are prohibited from producing them because of the protective order. Creative Compounds objects to the production of the documents covered by the protective order. L&F now seeks to to modify or extend the protective order so that Hinshaw & Culbertson may disclose the documents in response to a subpoena *duces tecum* in the L&F Litigation.

**II.**     **Legal Standard**

"As long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed." *United Nuclear Corp. v.*

*Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *see also National Ben. Programs, Inc. v. Express Scripts, Inc.*, 4:10CV907 AGF, 2011 WL 6009655, at *4 (E.D. Mo. Dec. 1, 2011) (citing *Abraham v. Intermountain Health Care, Inc.*, 461 F.3d 1249, 1268 (10th Cir. 2006) (holding that as long as protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit is dismissed)). It is within the court's discretion whether to amend or modify a protective order. *United Nuclear Corp.*, 905 F.2d at 1427; *see also Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 955 (8th Cir. 1979) (holding that lifting a protective order is a discretionary decision for the trial court).

The standards for modifying a protective order at the request of a collateral litigant have been addressed by the Seventh Circuit in *Wilk v. American Medical Ass'n*, 635 F.2d 1295 (7th Cir. 1980), the Tenth Circuit in *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424 (10th Cir. 1990), and the Ninth Circuit in *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). In *Foltz*, the Ninth Circuit held that "[w]here reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted." *Foltz*, 331 F.3d at 1131-32. The Seventh and Tenth Circuits have held that "where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification." *United Nuclear Corp.*, 905 F.2d at 1428; *Wilk*, 635 F.2d at 1299. Further, the Seventh and Tenth Circuits have instructed that "[o]nce such prejudice is demonstrated, however, the district court

has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order." *Id.*

This Court finds the foregoing standards for modification of a protective order at the request of a collateral litigant to be sound. With these principles in mind, the Court turns to the discussion.

**III.    Discussion**

Pursuant to the terms of the protective order in this case, the order remains in full force and effect and this Court retains jurisdiction to enforce or modify the provisions of the protective order after the termination of the case. L&F requests that this Court modify and expand the protective order to bring L&F within the scope of the order to permit Hinshaw & Culbertson to produce documents in response to the subpoena *duces tecum* in the L&F Litigation. L&F claims that but for the protective order in this case, Creative would have no right or basis to object to the production of the documents it has requested in the L&F Litigation and the documents would have been produced. Creative Compounds opposes the motion to modify or extend the protective order and opposes the production of the documents on the grounds that it believes some of the documents are subject to the attorney-client privilege, the documents requested are not relevant because the Adorno Litigation did not involve the shaker cup, the discovery deadline in the L&F Litigation has expired, and it would be unduly burdensome for it to review the voluminous records to find any relevant documents.

This Court does not have specific knowledge with regard to the specific documents that were covered by the protective order in this case. The protective order was a blanket protective order extending broad protection to all documents produced without a showing of good cause for confidentiality as to any individual documents. Such blanket protective orders are by nature

overinclusive and are, therefore, particularly subject to later modification. *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir. 1988). It is undisputed that Adorno & Yoss represented Creative Compounds during the time that it was developing the shaker cup and during the time that it first sold the shaker cup – whether that date of sale is the date alleged by Creative Compounds or the date alleged by L&F. As a result, any documents produced in this case within the protections of the protective order that relate to the shaker cup are certainly relevant to the L&F Litigation. L&F should not be precluded from obtaining any documents relevant to the L&F Litigation because of the protective order in this case. Clearly, however, not all of the documents in the Adorno Litigation are relevant to the L&F Litigation because different patents were at issue.

   This Court will grant the motion to modify or extend the protective order to a limited extent. The protective order is amended to enlarge the class of individuals who may gain access to "Confidential Information" as designated in the protective order to include L&F and associated individuals who work on the L&F Litigation with L&F, subject to the terms and obligations of the protective order, but only to the extent that the "Confidential Information" relates to the shaker cup and the L&F Litigation. Further, the protective order is amended to allow the parties to the protective order to produce documents covered by the protective order to L&F as ordered by the District Court in the L&F Litigation.

   In amending the protective order, this Court does not decide whether movant will ultimately obtain the discovery materials. The objections raised by Creative Compounds as to whether some of the documents are subject to the attorney-client privilege, whether the documents are relevant, that the discovery deadline in the L&F Litigation has expired, and that it would be unduly burdensome for it to review the voluminous records are objections to be

brought in the L&F Litigation. This Court is not in a position to impose any affirmative requirements on the parties relating to discovery. *United Nuclear Corp.*, 905 F.2d at 1428. The disputes over the ultimate discoverability of the specific materials covered by the protective order must be resolved by the District Court in the Florida litigation. *Id.* With the protective order amended, the Florida District Court may freely control the discovery controversies before it without running up against the protective order of another court.

To be clear, this Court amends the protective order only to the extent that the protective order is a bar to the disclosure of documents that relate to the shaker cup in the L&F Litigation and any orders related to discovery issued by the District Court in the L&F Litigation. To the extent that any documents covered by the protective order are disclosed in the L&F Litigation, this Court amends the protective order such that L&F is bound by the terms and obligations of the protective order. Further, the protective order is amended to permit movant and Creative Compounds to employ any documents disclosed in accordance with the foregoing in the L&F Litigation, subject to the terms and obligations of the protective order, and, in accordance with the rulings and orders of the District Court in that litigation.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to modify or extend protective order (#130) is **GRANTED** to the extent set forth in this Order and the protective order is amended as set forth in this Order.

Dated this 12th day of December, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE